IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUAWNTAY ADAMS,

Petitioner,

v.

UNITED STATES OF AMERICA,

                                                Civil Case No. 13-cv-170-DRH

Respondent.                [Criminal Case No. 04-cr-30029-DRH-3]

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Pending before the Court is petitioner Quawntay Adams' motion to reconsider (Doc. 55). The Clerk's Office filed said motion as one to reconsider the order on motion to reopen case. However, the Court construes Adams' motion as one to reconsider the dismissal of his Section 2255 petition. In his pending motion, Adams contends that the Court made various manifest errors of law in sentencing him as a career offender. For the following reasons, the Court **DENIES** petitioner's motion.

### I. Background

On July 25, 2008, a jury convicted Adams on charges that he possessed more than 100 kilograms of marijuana with the intent to distribute, see 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii), and that he conspired to commit money laundering, see 18 U.S.C. § 1956(a)(1)(A)(I) and (h). The jury later acquitted Adams of

conspiracy to possess with intent to distribute marijuana. See 21 U.S.C. §§ 841(a)(1) and 846. (*USA v. Adams*, 04-cr-30029-3, Docs. 412-416). Also, at the outset of trial, Adams pleaded guilty to attempting to escape from custody, see 18 U.S.C. § 751(a). (*USA v. Adams*, 04-cr-30029-3, Doc. 394).

On direct appeal, the Seventh Circuit held the evidence did not support the conspiracy to commit money laundering conviction, but otherwise affirmed the judgment of conviction and remanded the matter for resentencing. *United States v. Adams*, 625 F.3d 371 (7th Cir. 2010). On remand, without the money laundering conviction, this Court sentenced Adams to the same sentence imposed previously, 420 months in prison (Cr. Docs. 478 and 523), due to his career offender status. The Seventh Circuit later affirmed the sentence. *See United States v. Adams*, 451 Fed. App'x. 576 (7th Cir. 2011).

On February 20, 2013, Adams filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Thereafter, the Court denied and dismissed with prejudice petitioners' § 2255 motion on the basis that his claims lacked merit (Doc. 20). Adams appealed the dismissal on December 23, 2013 (Doc. 22). On June 12, 2014, the Seventh Circuit denied Adams' appeal and application for a certificate of appealability finding that there was no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Adams then sought to reopen his § 2255 motion under the guise of bringing new claims (Doc. 44), which the Court dismissed for lack of jurisdiction because the motion was a successive collateral attack on his sentence without pre-authorization from

the Court of Appeals (Doc. 45). Adams now moves for reconsideration of the denial of his § 2255 petition (Doc. 55).

## II. Law and Analysis

The FEDERAL RULES OF CIVIL PROCEDURE do not expressly contemplate motions to "reconsider." However, the Seventh Circuit has held district courts should automatically consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b). See *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994). A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence. See *Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1270 (7th Cir.1996).

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment or order if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). To succeed on a Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington*, 433 F.3d at 546.

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or any other reason

justifying relief.Fed.R.Civ.P. 60(b); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). "The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). A party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal. *Banks v. Chicago Board of Education*, 750 F.3d 663, 667 (7th Cir. 2014).

Here, Adams' grievances merely demonstrate his disagreement with this Court's denial of his Section 2255 petition, motion to reopen case, and the Seventh Circuit's decision to affirm his sentence. Instantly, he re-alleges many of the allegations previously argued before this Court as support for reconsideration. In the Court's previous orders, it was found that there was no substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2}. Also, the Court found that Adam's motion to reopen was actually a successive collateral attack on his criminal judgment, and it was dismissed for lack of jurisdiction.

In reviewing the merits of Adam's current motion to reconsider, this Court thoroughly and methodically contemplated the factual and legal allegations presented. As petitioner presented claims either foreclosed from review, or claims of ineffective assistance of counsel completely inadequate to satisfy the burden required of either *Strickland* prong, *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in his Section 2255 petition, this Court

correctly denied petitioner's Section 2255 petition. Currently, Adams fails to demonstrate any manifest error of law pertaining to the Court's denial. In his motion to reopen, Adams also failed to demonstrate a manifest error of law or fact or present newly discovered evidence not previously available.

The Seventh Circuit has also addressed the issues raised in Adam's current motion. Most importantly, when addressing the fact that Adams waived any argument regarding whether his prior controlled substance conviction qualified as a career offender predicate offense, the Seventh Circuit found that by not raising the issue on his first appeal, his argument was waived during his collateral attack. The Seventh Circuit stated, "[i]n any case, the belated challenge as to the nature of Adams' prior conviction fails on the merits." See *United States v. Adams*, 451 Fed. App'x. 576 (7th Cir. 2011). The Seventh Circuit explained its reasoning by stating:

> The felony complaint underlying Adams' 1997 conviction, as well as the judgment itself, are both in the record, having been attached to an "Information Charging Prior Offenses" that the government filed in advance of Adams' trial. R. 69. The complaint, which captions the charge as "Sell/Furnish Controlled Narcotic Substance," alleges that "[o]n or about January 24,1996[,] QUAWNTAY ADAMS did unlawfully sell, furnish, administer, and give away, and offered to sell, furnish, administer, and give away controlled substances, to wit: cocaine base, in violation of Health and Safety Code Section 11352(a)." R. 69–1 at 1. The complaint thus establishes that Adams was charged not with transportation of a narcotic, but rather with the distribution and attempted distribution of a narcotic. The district court itself pointed to the complaint's language in rejecting Adams' contention. R. 529 29–30. In short, the record makes clear that the court complied with its obligation under Taylor to ascertain the nature of the prior offense; and given the plain language of the felony complaint,

>the 1997 California conviction was properly treated as a controlled substance offense.

Currently, Adams has not presented a manifest error of law or newly discovered evidence regarding his conviction, *Sigsworth*, 487 F.3d at 511–12. Instead he merely, "rehash[es] previously rejected arguments," *Caisse*, 90 F.3d at 1270, and therefore the Court **DENIES** Adams' motion for reconsideration (Doc. 55).

Further, because the Court issues a final order, it will also deny a certificate of appealability as to the motion for reconsideration. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); FED. R.APP. P. 22(b). The Court denies a certificate of appealability, as reasonable jurists would not debate that the denials of both petitioner's Section 2255 petition and his instant motion to reconsider are proper. See *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (stating, "a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, ... reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further") (citation and quotation marks omitted).

Thus, for the reasons stated above, in addition to the reasons recited in this Court's denial of petitioner's Section 2255 petition, the Court denies a certificate of appealability as to the Court's instant denial of petitioner's motion to

reconsider.

### III. Conclusion

For the reasons as discussed herein, Adams' motion to reconsider is **DENIED** (Doc. 55). Further, the Court also **DENIES** a certificate of appealability as to the motion for reconsideration.

**IT IS SO ORDERED.**

Signed this 8th day of August, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.08.08
13:56:46 -05'00'

United States District Judge